IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

PRISCILLA ELLIS

    Petitioner,
v.                                    Case No. 4:23cv316/AW/MAL

WARDEN K. NEELY, FCI ALICEVILLE,
et al.

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Petitioner, a federal inmate proceeding pro se, initiated this case by filing two handwritten pleadings. One was styled "Emergency" and claimed an Assistant U.S. Attorney in the Middle District of Florida had allegedly asked the Bureau of Prisons (BOP) to write a falsified request to the U.S. Attorney General to modify Petitioner's sentence one year after it was imposed. ECF No. 1. She also asked that her criminal sentence be vacated. The other pleading, titled "Writ of 2241 Motion Demand Cease and Desist," asked the Court to issue an order requiring that she be designated to a prison within the "Region of Texas." ECF No. 2. She claims she was wrongfully transferred to FCI Tallahassee and placed in the Solitary Housing Unit. The clerk received both pleadings on July 24, 2023.

On July 26, 2023, the undersigned entered an order directing Petitioner to file an amended § 2241 petition on the proper court form along with two service copies thereof and to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis. ECF No. 4. Petitioner was instructed to comply on or before August 28, 2023, and she was warned that failure to timely comply with an order of the Court would result in a recommendation of dismissal of this case. The deadline elapsed without response from Petitioner.

On August 31, 2023, the Court issued an order directing Petitioner to show cause why this case should not be dismissed for her failure to comply with a court order. ECF No. 5. The order provided that the show cause order would be discharged if Petitioner complied with the July 26, 2023, order within the time provided. Petitioner was again warned that failure to comply would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner still has not responded, and in fact she has filed nothing since filing her initial submissions.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern

District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has failed to comply with Court orders necessary for the continuation of this case, the petition should be dismissed without prejudice.

The Court has confirmed from the BOP website that Petitioner is currently incarcerated at Oklahoma City FTC. *See* https://www.bop.gov/inmateloc/. Although she has not filed a notice of change of address, the Clerk will be directed to mail a copy of this recommendation to Petitioner at both her address of record and to the address indicated on the BOP's website.

Accordingly, it is ORDERED:

The clerk shall mail a copy of this recommendation to Petitioner at her address of record and to: Priscilla Ann Ellis, Reg. No. 03260-180, FTC Oklahoma City, Federal Transfer Center, P.O. Box 898801, Oklahoma City, OK 73189.

And, it is respectfully RECOMMENDED:

1. Petitioner's petition under 28 U.S.C. § 2241 be **DISMISSED** without prejudice.

2. The clerk be directed to close the case file.

At Gainesville, Florida on September 21, 2023.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.